**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3273
_____

In re:  AMTROL HOLDINGS, INC., et al.,
Debtor


KENNETH ELDER, SR., et  al.,

v.

AMTROL HOLDINGS, INC., et al.

(D.C. NO. 08-CV-00281)


AMTROL HOLDINGS, INC., et al.

v.

KENNETH ELDER, SR., et al.

(D.C. NO. 08-CV-00282)


AMTROL HOLDINGS, INC.; AMTROL, INC.; AMTROL INTERNATIONAL
INVESTMENTS, INC.,

Appellants

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court Nos. 1-08-cv-00281 and 1-08-cv-00282)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted under Third Circuit LAR 34.1(a)
on May 23, 2013


(Filed: August 13, 2013)


Before:  RENDELL, GREENAWAY, JR., <u>Circuit Judges</u> and
ROSENTHAL[*], <u>District Judge</u>

—————————

O P I N I O N

—————————

**RENDELL**, <u>Circuit Judge</u>:

In this appeal, Amtrol Holdings, Inc. and related entities (collectively "Amtrol"),

urge us to vacate an order of the United States District Court for the District of Delaware

based on an intervening agency decision. Because we conclude that the decision is

entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council,

Inc.*, 467 U.S. 837, 842-44 (1984), we will do so.

## I.[1]

In October 2004, the Elder family brought an action in Missouri state court

asserting causes of action for wrongful death and strict liability against Amtrol after a gas

tank manufactured by Amtrol exploded, killing Kenneth Elder. On December 18, 2006,

Amtrol filed for bankruptcy in the United States Bankruptcy Court for the District of

———————————

[*] Honorable Lee H. Rosenthal, Judge of the United States District Court for the Southern District of Texas, sitting by designation.
[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a).  We have jurisdiction under § 158(d)(1) and 28 U.S.C. § 1291.

Delaware. The Elder family submitted proofs of claim to the Bankruptcy Court on March 22, 2007, and Amtrol objected to those claims on June 25, 2007, arguing that the claims were preempted by the Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. §§ 5101, *et seq*.

Section 5125(d) of the HMTA provides that "[a] person . . . directly affected by a requirement of a State, political subdivision, or tribe may apply to the Secretary [of the Department of Transportation ("DOT")] . . . for a decision on whether the requirement is preempted by subsection (a), (b)(1), or (c) of this section." *Id.* at § 5125(d)(1). Amtrol attempted to exercise this option by writing to the DOT for a preemption determination on June 26, 2007. The DOT declined to make a preemption determination at that time, believing it to be premature.

The litigation before the Bankruptcy Court proceeded, and on April 1, 2008, the Court issued an order denying Amtrol's objections, concluding that they were not preempted. On April 11, 2008, Amtrol appealed the Bankruptcy Court's order to the District Court, and also renewed its application to the DOT for a determination of the preemption issue. This time, the DOT agreed to consider the matter and published notice in the Federal Register on January 30, 2009. Amtrol, the Elder family, and a few other interested parties submitted comments in response to the DOT notice.

While the application was still pending before the DOT, the District Court entered an order on June 28, 2010, affirming the Bankruptcy Court's ruling. Amtrol appealed that order to our Court on July 27, 2010.

We granted Amtrol's unopposed motion to stay the appeal while the DOT determination was forthcoming, and issued a series of stays between October 2010 and July 2012. The DOT issued its preemption ruling on July 3, 2012, concluding that the HMTA did preempt the Elder family's claims. Amtrol now argues that the DOT's determination is entitled to *Chevron* deference and asks us to reverse and remand to the District Court with instructions to reverse the Bankruptcy Court's order.

## II.

As a general rule, an agency's construction of an ambiguous statute under its purview, and in which it has special expertise, is entitled to deference. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005) ("*Chevron*'s premise is that it is for agencies, not courts, to fill statutory gaps."). The HMTA delegates to the DOT the authority to interpret the preemption provisions of Section 5125. 49 U.S.C. § 5125(d)(1). Where Congress has spoken clearly on the precise issue, no deference is owed to the agency's interpretation of a statute. *See Chevron*, 467 U.S. at 843 & n.9. Further, where an agency's interpretation reflects an impermissible construction of the statute, we will not defer to the agency's view. *See id.* at 843.

Having carefully reviewed the submissions of Amtrol (the only party to this appeal) and the record, including the memoranda of the District Court and the Bankruptcy Court, we conclude that Section 5125 is ambiguous. Because the DOT's preemption determination is a reasonable construction of that statue, it is entitled to *Chevron* deference. *See Nat'l Cable & Telecomms. Ass'n*, 545 U.S. at 982.

**III.**

Accordingly, we will vacate the judgment of the District Court with the instruction that it reverse the April 1, 2008 and the April 21, 2008 orders of the Bankruptcy Court on the issue of federal preemption.